HENRY PILCHER'S SONS *v.* THOMPSON *et al.,* trustees.

1 The testimony excluded by the court had no tendency to imply a promise from the defendant to pay for an article sold to another.

2. To sustain an action on an implied promise to pay for an article, there

must exist a status between the parties from which the law will imply a duty to pay. Such was not shown, and a nonsuit was properly granted.

AUGUST 16, 1916.

Complaint. Before Judge Bell. Fulton superior court. May 4, 1915.

*Arnaud & Donehoo,* for plaintiffs. *T. J. Ripley,* for defendants.

EVANS, P. J. The action was by Henry Pilcher's Sons against Horace Thompson and eight others, as trustees of St. Paul's A. M. E. Church, to recover the value of a certain pipe-organ alleged to have been installed by the plaintiffs in St. Paul's church. The petition as finally amended made the following case: The organ was originally sold to St. Paul's A. M. E. Choir Association. The choir association failed to make any of the payments on the purchase-price, and disbanded, and thereafter notice was given to the church that it, through its trustees, would be expected to pay for the organ if they continued to use the same. At a meeting of the church trustees one of them, in the presence of the others, stated that the pastor of the church was ex officio a member of the board of trustees, and that the pastor would notify the plaintiffs within a few days "whether or not the church, through its trustees, would undertake to pay for said organ." No notice was ever given to the plaintiffs of the church's intention to retain or pay for the organ. The plaintiffs asked for judgment for $1,100, the reasonable value of the organ, "by reason of the long and continued use of the organ by the membership of said church, . . and because of the knowledge of the trustees and members of said church that the plaintiffs expected said church to pay for said organ if same was used; and because defendants, as a religious body, continuously used said organ after notice given as aforesaid." At the conclusion of the plaintiffs' evidence the court granted a nonsuit, and the exception is to this judgment.

1. The court excluded testimony of witnesses of the plaintiffs, as to the reasons why the plaintiffs made the original contract of sale with the choir association, and as to reasons given by the pastor of the church why the church did not buy the organ at that time; and evidence as to preparation made for the installation of the organ at the time of its purchase by the choir association. This testimony was clearly irrelevant. The organ was sold to the choir association as an independent body, and not as agent of the de-

fendants; and any reasons which the pastor or the trustees may have had for not wanting to buy the organ, or of the plaintiffs for selling it to the choir association, or the preparations made for the installation of the organ, could in no way illustrate the question of the trustees' liability in the case on trial.

2.   The testimony introduced by the plaintiffs was to the effect that the organ was sold by their agent to the Choir Association of St. Paul's Church.   The contract of purchase was in writing, bearing date of March 25, 1912.   The choir association failed to pay any of the purchase-money, and the plaintiffs' agent then undertook to sell the organ to the trustees of St. Paul's church.  Numerous conferences were held with the pastor and trustees and membership of the church, continuing up to September, 1913.   The action is in assumpsit, and the plaintiffs ask for judgment against the defendants as trustees of St. Paul's Church, because of "the long and continued use of the organ by the membership of said church," and "because of the knowledge of the trustees and members of said church that the plaintiffs expected said church to pay for said organ if same was used." The action of assumpsit is founded upon a promise arising by implication of law.  To sustain the action there must exist a status between the parties from which the law will imply a legal duty to pay.   5 C. J. 1381.   The organ was purchased by the choir association.  For aught that appears, the contract of purchase by the choir association is still a legal and binding contract on them, as a legal entity, or upon the individuals composing the association.   The voluntary disbanding of the association did not destroy the binding obligation of the plaintiffs' contract with them.   At most, the evidence shows a number of unsuccessful attempts to induce the church to buy the organ and make good the default of the choir association.   The mere act of the trustees in allowing the organ to remain installed in the church will not be held a sufficient circumstance to raise an implied promise to pay for the organ.   It is undisputed that the trustees, as such, had no connection with the purchase and installation of the organ by the choir association; nor did the trustees interpose any objection to the removal of the organ from the church building by the plaintiffs, had they so desired.   The principle of ratification of the act of an agent by the principal, applied in certain cases cited in the brief of counsel for the plaintiffs, is not involved

in the case. Under the pleadings as finally amended, there can be no contention that the choir association was acting as the agent of the church in the purchase. Under no view of the evidence submitted could the plaintiffs recover, and the court correctly granted a nonsuit.

*Judgment affirmed. All the Justices concur.*